IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01910-GPG


EDUAR RAMON TROCHEZ AGUILAR,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and
Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

     Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion to Enforce Judgment (D. 17).  The Court DENIES the motion for the following reasons.

On May 11, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 13).  On May 13, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 15-1;).  The IJ denied bond on the basis that "the Department has shown by clear and convincing evidence that [Petitioner] is a danger to community" (D. 15-1 at 3; D. 19-1 at 5:02).  The IJ's decision rested entirely on Petitioner's DUI conviction from 2025 (D. 15-1 at 3; D. 19-1 at 5:08).  Petitioner argues that the

1

IJ incorrectly placed the burden of proof on the Petitioner, as evidenced by: (1) the IJ wrote, "[a] respondent who fails to meet his burden will properly be denied bond;" (2) the IJ "improperly rel[ied] on case law placing the burden on the noncitizen;" and (3) the IJ "did not analyze whether DHS had sustained its burden before requiring rebuttal evidence from Mr. Trochez Aguilar, nor did she distinguish between DHS' evidence and rebuttal evidence presented by Mr. Trochez Aguilar" (D. 17 at 5).  Petitioner also argues that DHS's evidence was insufficient to satisfy its burden (D. 17 at 6–11).  As a result, Petitioner requests immediate release (D. 17).

Upon review of the IJ's written decision (D. 15-1) and an audio recording of the bond hearing (D. 19-1), the Court does not find there is sufficient evidence that the IJ incorrectly placed the burden of proof on Petitioner.  The IJ identified the applicable burden of proof (clear and convincing evidence) placed on Respondent, wrote that she "carefully considered the documentary evidence," and stated that DHS had satisfied its burden (D. 15-1 at 2–3).  As Petitioner identified, the "Legal Standard" section of the IJ's written decision does appear to improperly state that the burden of proof is on the Petitioner.[1]  The IJ wrote: "[a]n IJ should only set bond if she first determines that the alien does not present a danger to the community . . . A respondent who fails to meet his burden will properly be denied bond" (*id.* at 2).  However, later, in the "Analysis" section, the IJ stated that, "per the District Court order, [] DHS bears the burden of proof to demonstrate by clear and convincing evidence that Respondent is a flight risk or danger to community" (*id.*).  She further wrote, "Respondent's disregard of the law and the community's safety coupled with the inherently deadly consequences of drinking and driving render his DUI

---

[1] This recitation in the "Legal Standard" section appears to be unmodified boilerplate language applicable to other hearings.  It appears that the IJ recognized and applied the burden ordered by the Court in this hearing (D. 15-1 at 2 ("DHS bears the burden of proof to demonstrate by clear and convincing evidence that Respondent is a flight risk or danger to the community")).

conviction severe enough that the DHS has shown by clear and convincing evidence that the Respondent is a danger to community" (*id.* at 3). Based on the IJ's indication that she considered all evidence presented and found that DHS had shown by clear and convincing evidence that Petitioner is a danger to community, the Court cannot say that she improperly applied the burden stated in the Legal Standard section instead of the burden stated in the Analysis section.

Petitioner's remaining arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence of Petitioner's DUI was sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

Accordingly, Petitioner's motion to enforce is DENIED.

3

DATED June 25, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge